UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. _____

JOSEPH PARISI,

    Plaintiff,

vs.

SABAL SPRINGS HOMEOWNERS'
ASSOCIATION, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(INJUNCTIVE RELIEF SOUGHT)**

COMES NOW Plaintiff, JOSEPH PARISI, by and through undersigned counsel and sues the Defendant, SABAL SPRINGS HOMEOWNERS' ASSOCIATION, INC., and states:

### I. NATURE OF THE ACTION

1. This is a civil action brought pursuant to the federal Fair Housing Act ["FHA"], 42 U.S.C. §§ 3601, *et seq.*, and 42 U.S.C. § 1982 for damages and injuries arising from the Defendant's, SABAL SPRINGS HOMEOWNERS' ASSOCIATION, INC.'s, unlawful discrimination against Plaintiff, JOSEPH PARISI, a person with disabilities.

### II. PARTIES

2. Plaintiff, JOSEPH PARISI ["PARISI" and/or "Plaintiff"], a resident and citizen of Lee County, Florida, is an individual with a disability that qualifies him for the protections of the FHA.

3. Plaintiff resides at 3791 Gloxinia Drive, North Fort Myers, Florida 33917.

4. Defendant, SABAL SPRINGS HOMEOWNERS' ASSOCIATION, INC. [hereafter "SABAL SPRINGS" and/or "Association" and/or "Defendant"], is a Florida non-profit corporation, organized and operating pursuant to Chapter 720, Florida Statutes.

5. SABAL SPRINGS' principal and mailing addresses are 13831 Vector Avenue, Fort Myers, Florida 33907.

6. SABAL SPRINGS is responsible for administering and governing the SABAL SPRINGS Community pursuant to SABAL SPRINGS' Declaration, Articles of Incorporation, By-Laws, Rules and Regulations, and amendments thereto. It also sets, approves, and enforces the policies, rules, regulations, and practices for the SABAL SPRINGS Community.

7. The housing units governed by SABAL SPRINGS are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

8. SABAL SPRINGS is subject to the anti-discrimination provisions of the FHA.

### III. JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § §§ 3601, *et seq*., and 42 U.S.C. § 3613.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the parties reside in this District and the events giving rise to the Plaintiff's claims arose in Lee County which is within the Fort Myers Division of the Middle District of Florida.

11. All conditions precedent to the bringing of this action by PARISI have occurred, or their performance has been waived by Defendant.


## IV.  FACTUAL ALLEGATIONS

12. PARISI owns and at all times material hereto, has resided at 3791 Gloxinia Drive, North Fort Myers, Florida 33917, a separately detached, 1600-foot-plus square foot house located within the SABAL SPRINGS community.

13. At all times material hereto, PARISI suffered from and still suffers from mental impairments that substantially limit one or more of his major life activities. Accordingly, PARISI has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

14. PARISI relies upon an assistance animal, a dog named "Rokco," that Parisi has had since July of 2019, when Rokco was seven weeks old.  Rokco assists PARISI in coping with his disabilities.

15. In addition to providing emotional support that helps ameliorate the symptoms of PARISI's depression and anxiety, Rokco has set times for walking and eating and alerts PARISI to these times.

16. If PARISI is having an anxiety attack, Rokco will alert him to take his medication.

17. If PARISI is severely depressed, Rokco will pace continuously between PARISI and the door until PARISI takes him out. Getting outside and walking elevates PARISI's mood.

18. PARISI's partner has two pet dogs, a Jack Russel Terrier/Chihuahua mix named "Soonie" and a Jack Russel Terrier named "Riley."

19. SABAL SPRINGS does not allow more than two (2) dogs.

20. On or around February 24, 2022, SABAL SPRINGS, by and through its agent and property manager Donna Basile ["Property Manager"], sent a letter to PARISI labeled "First Inspections" stating:

> **Issue:**  It has been observed that you have three (3) dogs.

> **Document Cited:** Rules and Regulations: Section 11: Pets -Owners may keep no more than two (2) dogs, Section A: Service or support Animals.
>
> **Resolution:** Is one of your dogs a service or support animal? Please notify the HOA Office.

and otherwise threatening that PARIS had "within thirty (30) days" to "correct this violation" else receive a "second and final notice to conform." The 2/24/2022 "First Inspections/Multi-Dog Threat Letter" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 1" (emphasis in original).

21.    At all times relevant Donna Basile was SABAL SPRINGS' "Community Association Manager" and agent.

22.    On or around March 7, 2022, PARISI informed Donna Basile that his dog Rokco is an assistance animal and provided a letter dated August 11, 2020, signed by Dr. Andrew Isaacson, verifying that PARISI has a disability and that Rokco provides PARISI disability-related emotional support. The 8/11/2020 "Verification Letter" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 2."

23.    Donna Basile told PARISI that the Verification Letter from Dr. Isaacson should suffice, but also asked PARISI if he had a more current letter.

24.    PARISI stated that he did not have a more current letter but promised he would obtain one as soon as he returned to Michigan, his second home, and could make an appointment with his health care provider.

25.    In further support of his request for reasonable accommodation, on or around April 7, 2022, PARISI provided a letter to SABAL SPRINGS from his treating physician, Douglas J. Zakolski, D.O., stating:

> *Joseph Parisi is under my medical care. I am familiar with his medical history and the functional limitations imposed by his mental illness. Mr*

> *Parisi meets the definition of mental and/or emotional disability. Due to his mental illness, this individual has certain limitations related to social interaction and coping with stress. To help alleviate these difficulties, and to enhance his ability to live independently, Mr. Parisi has been recommended to obtain an emotional support animal canine companion. The presence of an emotional support animal is necessary to mitigate his symptoms Mr. Parisi should be allowed to have his emotional support animals [sic].*

The 04/07/2022 2nd Verification Letter from Dr. Zakolski is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 3."

26. On April 7, 2022, SABAL SPRINGS, through its attorney-agent Robert B. Burandt, acknowledged both PARISI's request for an accommodation of his disability and the receipt of PARISI's physician's letter, but denied PARISI's request:

> *Thank you for your Doctor's letter regarding your emotional support animal. No one is saying you can not [sic] have this dog, the rules same [sic] two dogs and that is what is being enforced[,]*

wholly disregarding that PARISI's request was for waiver of SABAL SPRINGS' two-dog restriction as an accommodation of his disability-related need to live with his emotional support animal ["ESA"]. The Burandt 04/07/2022 "ESA Email" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 4."

27. In an effort to educate SABAL SPRINGS' attorney-agent, PARISI responded: *"My emotional support animal is not considered a dog or pet under Florida laws."* PARISI's 04/07/2022 "ESA Clarification Response Email" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 5."

28. SABAL SPRINGS' attorney-agent replied:

> *Not sure what you are getting it [sic] is not a dog, it is a dog? This [sic] not my call, I suggest you petition the Board. My opinion is that they should not deny your request for an emotional support dog but should deny your requests for three dogs, that is a reasonable accommodation.*

The Burandt 04/07/2022 "ESA Reply Email" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 6."

29.     PARISI responded: "*I really don't want to make waves and I value your opinion as an attorney so I will be contacting the ADA regarding this matter and will be contacting the Sable Springs board*" to which SABAL SPRING's attorney-agent, further evidencing SABAL SPRINGS' misunderstanding of both ESA and service animal law as well as ignorance of black-letter law that waiver of a rule or policy, such as a two-dog-only rule, is itself a reasonable accommodation of a disability-related need for an ESA or service animal, replied:

> *Sounds reasonable, but I hope you understand?* ***The HOA is only obligated to provide you with reasonable accommodations not waive rules and regulations. If they just conceded they may be considered to have waived the rule. If the court tells them otherwise and your [sic] allowed three dogs then so be it****. I don't think that will happen but you never know.*

PARISI and Burandt 04/07/2022 "Further Email Exchange" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 7" (emphasis added).

30.     In its April 7, 2022, attorney-agent's reply, SABAL SPRINGS made clear its denial of PARISI's request for waiver of its two-dogs-only rule as an accommodation of his disability-related need for his ESA and its threat of legal proceedings. *Id.*

31.     On April 19, 2022, PARISI received an email from the President of SABAL SPRINGS stating:

> *Mr Parisi,*
>
> *The documents you have sent have already been received. As stated, the association is not refusing the service dog. The association is enforcing the 2 dog rule as stated in the documents. Any further discussion should be directed to the attorney.*
>
> *Tony Cantabene*
> *President*
> *Sabal Springs HOA*

SABAL SPRINGS' President's 04/19/2022 "Enforcement Email" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 8."

32. On May 16, 2022, by way of a formal letter through its attorney-agent Burandt, SABAL SPRINGS repeated its denial of PARISI's request for reasonable accommodation of his disability, as well as its threat of rules enforcement:

> ...I was asked to respond by the Sabal Springs HOA to your request for a third animal. The HOA has no problem with you having a service animal. However, the letter from Mr. Parisi's doctor states an emotional support animal is recommended, which is no issue, but this [sic] not a service animal. There is still an issue with three dogs being in the residence. The rules have been place [sic] for several years limiting the number of dogs per household to two (2), and unless modified will be enforced.

The 05/16/2022 "Formal Denial Letter" is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 9" (emphasis added).

33. SABAL SPRINGS' communications make it clear that persons with disabilities that rely upon assistance animals and the partners of persons with disabilities that rely upon assistance animal do not enjoy the same right to own pets as non-disabled residents.

34. SABAL SPRINGS' informed PARISI that it need not accommodate an emotional support animal as opposed to a service animal, so PARISI obtained yet another letter from Dr. Zakolski stating that the presence of a service animal was necessary to mitigate PARISI's symptoms. The "3rd Verification Letter" by a physician (Dr. Zakolski on June 6, 2022) is marked, filed contemporaneously, and incorporated herein as "P's Exhibit 10."

35. Between July 14th and 18th, 2022, an email exchange that took place between PARISI and SABAL SPRINGS' attorney-agent Burandt, in which SABAL SPRING again confirmed that SABAL SPRINGS would not waive its two-pet rule so that PARISI's assistance animal and his

partner's two pet dogs could live in their home at SABAL SPRINGS. The "Final Emails" are marked, filed contemporaneously, and incorporated herein as "P's Exhibit 11."

36. At all times material, SABAL SPRINGS was aware of PARISI's disability and that his dog is necessary to mitigate the symptoms of his disability.

37. The confusing nature of SABAL SPRINGS' communications to PARISI regarding his assistance animal, coupled with legal inaccuracies of the law and threat of court intervention, have caused PARISI to be anxious, depressed, and feel unwelcome in his own home and in the SABAL SPRINGS community.

38. SABAL SPRINGS' actions were, and continue to be, intentional, deliberate, willful, and in total and reckless disregard of PARISI's rights and show total indifference to PARISI's disability.

39. PARISI has been injured by SABAL SPRINGS' discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

40. As a direct and proximate result of SABAL SPRINGS' conduct, PARISI has incurred and continues to incur attorney's fees, and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

41. PARISI retained undersigned counsel and is obligated to pay a reasonable fee for their services.

## V. CAUSE OF ACTION

### COUNT I
### MAKING A DWELLING UNAVAILABLE ON ACCOUNT OF DISABILITY/ FAILURE TO REASONABLY ACCOMMODATE

42. PARISI re-alleges and incorporates by reference Paragraphs 1-41 as if fully set forth herein.

43. PARISI is disabled by virtue of a mental impairment which substantially limits one or more of his major life activities.

44. PARISI has a disability-related need to live with his assistance animal, Rokco, in order to have the same opportunity to use and enjoy his dwelling at SABAL SPRINGS as any non-disabled resident.

45. PARISI's partner has two pet dogs.

46. PARISI requested that SABAL SPRINGS waive its rule limiting residents two dogs so that he may reside with his assistance animal Rokco.

47. SABAL SPRINGS was provided reliable verification of PARISI's disability and disability-related need to live with his assistance animal Rokco.

48. Defendant, fully knowing of PARISI's disability-related need to live with his assistance animal, refused to waive the rule restricting residents to two dogs per household.

49. SABAL SPRINGS had actual knowledge of PARISI's disability and disability-related need to live with Rokco.

50. Defendant had a legal obligation to make a fact-specific determination regarding whether PARISI's assistance animal could be accommodated, which at the very least would have required speaking with PARISI rather than sending communications containing legally false statements of the law regarding service and assistance animals.

51. Defendant made no effort to engage in a good faith dialogue with PARISI regarding implementation of his request for reasonable accommodation.

52. Accommodating PARISI's need to reside with his assistance animal would not result in substantial physical damage to the property of others.

53. Accommodating PARISI's need to reside with his assistance animal would not pose an undue financial or administrative burden on SABAL SPRINGS.

54. Accommodating PARISI's need to reside with his assistance animal would not fundamentally alter the nature of SABAL SPRINGS' operations.

55. SABAL SPRINGS' actions and conduct constitute a conscious and reckless disregard for PARISI's rights, and show total indifference for his disability.

56. The foregoing conduct and acts of Defendant constitute discrimination against a person with a disability in violation of 42 U.S.C.§ 3604(f)(3)(B), FHA, by failing to and/or by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford PARISI an equal opportunity to use and enjoy his dwelling.

57. As a result of the Defendant's conduct, Plaintiff has suffered damages.

58. The discriminatory conduct and actions of Defendant were intentional, willful, and taken in blatant disregard for the Plaintiff's rights.

59. As a direct and proximate result of SABAL SPRINGS' failure to accommodate, PARISI has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff, JOSEPH PARISI, demands judgment against Defendant, SABAL SPRINGS HOMEOWNERS' ASSOCIATION, INC., declaring that the actions of SABAL SPRINGS violated, *inter alia*, the Fair Housing Amendments Act by discriminating

against a person with a disability, and awarding Plaintiff compensatory and punitive damages and his attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## VI. THIS COURT'S POWER TO GRANT RELIEF

60. Plaintiff re-alleges and incorporates by reference Paragraphs 1-41 as if fully set forth herein.

61. Plaintiffs has suffered and incurred irreparable damage, and continues to suffer and incur irreparable damage.

62. The FHA and Rule 65 of the Federal Rules of Civil Procedure, collectively and singularly, empower this Court to grant a temporary restraining order, preliminary injunctive and permanent injunctive relief, and/or such other relief as the Court may deem appropriate to hold and redress the violations of any provision of law enforced by the FHA. The Court, in the exercise of its equitable jurisdiction may award financial relief, accommodation directives, policy modification, and restoration of access privileges to prevent and remedy any violation of any provision of law enforced by the FHA.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOSEPH PARISI, demands judgment against Defendant, SABAL SPRINGS HOMEOWNERS' ASSOCIATION, INC., which:

a. declares that SABAL SPRINGS' actions violated the FHA by discriminating against a person with disabilities;

b. enjoins SABAL SPRINGS from discriminating against PARISI by forcing removal of his assistance animal from his home or otherwise fining, threatening to fine, or otherwise enforcing its two-dogs-only rule and instead granting PARISI's request for the reasonable accommodation of his disability-related need for his assistance animal by waiving any

restriction that would prevent him from living with Rokco as his assistance animal so long as he is a resident of SABAL SPRINGS;

c. awards Plaintiff compensatory damages as would fully compensate him for Defendant's discriminatory conduct;

d. awards Plaintiff his attorneys' fees and costs incurred in bringing this action to enforce the FHA;

e. awards Plaintiff punitive damages sufficient to punish Defendant for its actions that were willful, wanton, and malicious, or in reckless disregard for the Plaintiff's rights; and

e. grants any other such relief as this Court deems just and equitable.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

| | |
|---|---|
| VENZA LAW, PLLC | MARCY I. LAHART, P.A. |
| 931 Village Boulevard, #905-322 | 249 SE Tuscawilla Road |
| West Palm Beach, FL 33409 | Micanopy, FL 32667 |
| Office: (561) 596-6329 | Telephone: (352) 224-5699 |
| Email: dvenza@venzalawpllc.com | Facsimile: (888) 400-1464 |
| | Email: marcy@floridaanimallawyer.com |
| BY: *s/ Denese Venza* | BY: *s/ Marcy I. LaHart* |
| Denese Venza, Esq. | Marcy I. LaHart, Esq. |
| Florida Bar No. 599220 | Florida Bar No. 0967009 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |