```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JOSEPH PARISI, and TERRY CLARK

    Plaintiffs,

v.                          Case No: 2:22-cv-504-JES-KCD

SABAL SPRINGS HOMEOWNERS ASSOCIATION INC.,

    Defendant.

_____

### **OPINION AND ORDER**

This matter comes before the Court on plaintiffs' *Opposed* Motion to Strike Affirmative Defenses (Doc. #24) filed on December 21, 2022. Defendant filed a Response (Doc. #25) on January 4, 2023.

An Amended Complaint (Doc. #14) was filed under the Fair Housing Act by Joseph Parisi (Parisi), a person with disabilities, and Terry Clark (Clark), a person associated with and a co-resident of a person with disabilities, against Sabal Springs Homeowners' Association (the Association). (Doc. #14.)[1] According to the Amended Complaint, Parisi has relied upon a support dog named Rokco since July 2019. Rokco is not a pet but provides emotional support and assistance to Parisi for his depression and anxiety. Co-

---

[1] The Amended Complaint fails to identify plaintiff Terry Clark in the caption of the case. That should be corrected in all future filings.

plaintiff Clark resides in the same house with his two pet dogs, Soonie and Riley.

On or around February 24, 2022, the Association's rules restricted residents to two pet dogs. Parisi was sent a "First Inspections" letter from the Association stating that three dogs had been observed and requesting him to notify the Association within 30 days if one was a service or support animal. On March 7, 2022, Parisi provided the Association with a letter dated August 11, 2020, from his treating physician in Michigan verifying that Parisi had a disability and that Rokco provided disability-related emotional support. The Association asked for, and Parisi agreed to supply, an updated letter from the physician. On about April 7, 2022, Parisi provided the Association with a letter from his physician attesting to Parisi's ongoing need for a support animal. Counsel for the Association responded by email, essentially recommending denial of Parisi's request for a waiver of the two-dog rule that would allow his support dog and the two pet dogs to remain in the residence. Further communications, including amendments to the Association's Rules and Regulations, did not resolve the issue.

Count I of the Amended Complaint asserts a failure to reasonably accommodate Parisi; Count II asserts illegal intimidation and threats under the FHA; and Count III alleges illegal discrimination in the terms, conditions, or privileges of

the sale of a dwelling. The Association filed an Answer (Doc. #23) and five affirmative defenses. Plaintiffs now seek to strike all five defenses.

The parties conferred and agreed that defendant will amend answers to paragraphs 13, 35, 38, 46, 50, 56, 67, 85, and 99 of the Answer and will strike the First and Fifth Affirmative Defenses. The other affirmative defenses remain disputed.

## I.

A party responding to a pleading must "affirmatively state" any avoidance or affirmative defenses in its response. Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). On the other hand, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988). Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

## II.

"The Fair Housing Amendments Act of 1988 amended the Fair Housing Act (as amended, the "FHA") to bar housing discrimination based on disability." Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1218 (11th Cir. 2016).  Under the FHA, it is unlawful:

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--
>
> **(A)** that person; or
>
> **(B)** a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> **(C)** any person associated with that person.

42 U.S.C. § 3604(f)(2).  An "aggrieved person" includes a person who "claims to have been injured by a discriminatory housing practice; or believes that such person will be injured by a discriminatory housing practice that is about to occur."  42 U.S.C. § 3602(i).  Discrimination includes a refusal to make reasonable accommodations in rules or policies.  42 U.S.C. § 3604(f)(3).  To prevail on a reasonable accommodation as set forth in Count I of the Amended Complaint, "a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such

- 4 -

accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009). "[A] plaintiff must actually request an accommodation and be refused in order to bring a reasonable accommodation claim under the FHA." Schwarz v. City of Treasure Island, 544 F.3d 1201, 1219 (11th Cir. 2008).

### III.

In the Second Affirmative Defense, defendant asserts a failure to exhaust all statutory and/or jurisdictional prerequisites for suit because Clark never demanded any accommodation. Plaintiffs argue that the Second Affirmative Defense is legally invalid because plaintiffs are not required to exhaust administrative remedies. But plaintiffs are required to request an accommodation, and the Amended Complaint fails to allege that Clark made such a request. The Court finds that use of an affirmative defense is a proper device under these circumstances to assert the issue of Clark's inability to proceed with the claims. Therefore, the motion to strike the Second Affirmative Defense is denied.

In the Third Affirmative Defense, defendant asserts unclean hands because Parisi has the approval letter permitting Rokco on the property and Rokco has been approved as a service animal.

Plaintiffs argue that the Third Affirmative Defense is legally insufficient because defendant fails to identify facts related to the actual issue in the case and any specific conduct causing injury. Defendant argues that every accommodation has been provided, and if defendant prevails in this case it would clearly demonstrate that plaintiffs acted in bad faith or fraudulently by bringing suit.

"Broadly speaking, proof of [unclean hands] may operate to bar a plaintiff's claim in an appropriate case if he bears responsibility for his own injury." Bailey v. TitleMax of Georgia, Inc., 776 F.3d 797, 801 (11th Cir. 2015). "To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing. See Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450–51 (11th Cir. 1993)." Id.

Plaintiff is asserting a failure to reasonably accommodate his request for a waiver of the two-dog rule so as to exclude Rokco from the equation, allowing Clark to keep his two pet dogs. Allowing Rokco to stay does not resolve the issue, since the Association still required one of the other two dogs to leave. Plaintiffs' conduct does not rise to the level which would allow a defense of unclean hands. The Third Affirmative Defense will be stricken.

In the Fourth Affirmative Defense, defendant asserts that having Clark's second dog live with Parisi, making a total of 3 dogs, is not a reasonable accommodation since Parisi has permission for his support dog. Plaintiffs argue that the Fourth Affirmative Defense is not an affirmative defense. "Under the Fair Housing Act, plaintiffs have the burden of proving that a proposed accommodation is reasonable." Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002) (citations omitted). "A plaintiff, however, is not entitled to the accommodation of his or her choice, but is entitled only to a reasonable accommodation." Weiss v. 2100 Condo. Ass'n, Inc., 941 F. Supp. 2d 1337, 1343 (S.D. Fla. 2013). The Court finds that the defense that plaintiff's request is not a reasonable accommodation is not a proper affirmative defense but is simply a denial of one of the elements which must be proven by plaintiffs. Therefore, the Fourth Affirmative Defense will be stricken.

Accordingly, it is hereby

**ORDERED:**

(1) Plaintiffs' *Opposed* Motion to Strike Affirmative Defenses (Doc. #24) is **GRANTED in part and DENIED in part:**

(a) The First and Fifth Affirmative Defenses will be stricken pursuant to the agreement of the parties.

    (b)    The motion to strike the Second Affirmative Defense is **DENIED**.

    (c)    The motion to strike the Third Affirmative Defense is **GRANTED**.

    (d)    The motion to strike the Fourth Affirmative Defense is **GRANTED**.

(2)    Defendant may file an Amended Answer and Affirmative Defenses within **FOURTEEN (14) DAYS** consistent with this Opinion and Order and the agreement of counsel.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of January 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record