UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH PARISI, and TERRY
CLARK

        Plaintiffs,

v.                                Case No: 2:22-cv-504-JES-KCD

SABAL SPRINGS HOMEOWNERS
ASSOCIATION INC.,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' *Opposed* Motion to Strike First Affirmative Defense and Incorporated Memorandum of Law (Doc. #32) filed on February 8, 2023. Defendant filed a Response in Opposition (Doc. #33) on March 8, 2023.

This is a civil action brought by plaintiffs Joseph Parisi (Parisi) and Terry Clark (Clark) (collectively Plaintiffs) under the Fair Housing Act[1] (FHA) against defendant Sabal Springs Homeowners' Association (Defendant or Sabal Springs). Plaintiffs allege that Defendant discriminated against Parisi (a person with disabilities) and Clark (a person associated with a person who has disabilities) when Sabal Springs denied Plaintiffs' request for a

_____

[1] "The Fair Housing Amendments Act of 1988 amended the Fair Housing Act (as amended, the "FHA") to bar housing discrimination based on disability." Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1218 (11th Cir. 2016).

reasonable accommodation — that Sabal Springs waive its rule[2] limiting residents to two pet dogs — so that in addition to Clark's two pet dogs, Parisi could reside with his assistance animal (Rokco) at Plaintiffs' residence in North Fort Myers, Florida. (Doc. #30, ¶¶ 3-4, 30, 68.)

In the operative Second Amended Complaint, Plaintiffs assert three claims in violation of the FHA (1) failure to reasonably accommodate (Count I) (2) illegal intimidation and threats of liability for Sabal Springs' attorneys' fees (Count II); and (3) illegal discrimination in the terms, conditions, or privileges of sale of a dwelling (Count III). (Doc. #30, pp. 14-19.)

Defendant filed its Answer, which included its First (and only) Affirmative Defense (Doc. #31), stating as follows:

> The claims made in the Complaint are barred, in whole or in part, by failing to properly exhaust all statutory and/or jurisdictional prerequisites for the commencement of this action and/or the inclusion of certain claims and causes of action. Specifically, TERRY CLARK, has never demanded any accommodation be made and therefore fails as a matter of law to bring forth any relevant action subject to these proceedings.

(Doc. #31, p. 8.) Plaintiffs urge the Court to strike Defendant's First Affirmative Defense, arguing that Defendant's affirmative defense is a mere denial and is invalid.  (Doc. #32, p. 4.)

---

[2] On or around February 24, 2022, Sabal Springs implemented a rule restricting residents to two (2) pet dogs.  (Doc. #30, ¶ 22.)

**I.**

A party responding to a pleading must "affirmatively state" any avoidance or affirmative defenses in its response.  Fed. R. Civ. P. 8(c).  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999).  On the other hand, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."  In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988).  "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."  Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).  Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).

The Court agrees with Plaintiffs that Sabal Springs' First Affirmative Defense is in essence a denial.  Nevertheless, in this case the appropriate course of action is for the court simply to treat the alleged affirmative defense as the denial "with particularity" as required by Federal Rule of Civil Procedure 9(c). The Court therefore denies Plaintiffs' motion.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' *Opposed* Motion to Strike First Affirmative Defense and Incorporated Memorandum of Law (Doc. #32) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of March, 2023.


JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record