```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

JOSEPH PARISI, and TERRY
CLARK

        Plaintiffs,

v.                              Case No:  2:22-cv-504-JES-KCD

SABAL SPRINGS HOMEOWNERS
ASSOCIATION, INC.,

        Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant Sabal Springs Homeowners Association, Inc.'s (Defendant or HOA) Motion for Rule 56(d) relief (Doc. #43) filed on May 17, 2023. Joseph Parisi and Terry Clark's (collectively Plaintiffs) filed a Response in Opposition (Doc. #44) on May 31, 2023. For the reasons set forth, the motion is GRANTED.

**I.**

This case revolves around a rule imposed by the HOA. Plaintiffs own a single-family home. The home is subject to Rule & Regulation #11 (Rule #11) of the HOA, limiting each residence to "no more than two (2) dogs and two (2) household pets . . . ." (Doc. #30, Ex. 16, p. 2.) Plaintiff Joseph Parisi claims to be "an individual with a disability" that "relies upon an assistance animal, a dog named 'Rokco' . . . ." (Doc. #30, ¶¶ 2, 15.) Parisi's

cohabitant, Plaintiff Terry Clark, "has two pet dogs," Soonie and Riley. (Id. at ¶ 20.) According to Plaintiffs, they requested Rule #11 be waived and the HOA denied that request.

Plaintiffs' Second Amended Complaint (SAC) (Doc. #30) is the operative pleading. The SAC alleges three counts under the Fair Housing Act (FHA): (1) failure to make a reasonable accommodation for a person with a disability; (2) illegal interference, coercion, threats, or intimidation; and (3) that amended Rule #11's terms, conditions, or privileges are facially discriminatory. All Plaintiffs moved for partial summary judgment on all counts, arguing there are no genuine issues of material fact and that they are entitled to judgment in their favor as a matter of law, with the amount of damages being the only question left to the jury. (Doc. #37, p. 24.)

Instead of responding on the merits, the HOA filed the current motion requesting Plaintiffs' summary judgment motion be deferred or denied pursuant to Federal Rule of Civil Procedure 56(d). (Doc. #43, p. 1.)

**II.**

"Under rule 56(d), a court may 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Burns v. Town of Palm Beach,

2

999 F.3d 1317, 1334 (11th Cir. 2021)(quoting Fed. R. Civ. P. 56(d)). To invoke rule 56(d), the burden falls on the nonmovant to "specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" City of Miami Gardens v. Wells Fargo & Co., 931 F.3d 1274, 1287 (11th Cir. 2019)(quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989)). "Failure to satisfy [the rule 56(d)] burden is fatal to an argument that the district court granted summary judgment prematurely by failing to order or await the results of further discovery." Id. at 1286. Ultimately, the grant or denial of a Rule 56(d) motion is within the sound discretion of the trial court. Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989).

### III.

The Court finds Plaintiffs' motion for summary judgment premature. The discovery deadline is about five months away. See (Doc. #20.) The HOA states it has yet to receive a requested HIPAA authorization form, that Parisi's doctors have yet to respond to subpoenas, that depositions of Plaintiffs and Plaintiffs' doctors remain outstanding, and that Plaintiffs' discovery responses are incomplete. "Without this information," the HOA asserts, "Defendant cannot verify if an actual disability exists." (Doc. #43, p. 6.) In support, the HOA attaches a supposed declaration.

3

(See Doc. #43, Ex. 1.)[1] Plaintiffs counter that HOA is not entitled to Rule 56(d) relief because the declaration is deficient and because the HOA has failed to demonstrate that further discovery would raise any genuine issue of material fact. The Court disagrees with Plaintiffs.

### A. Any deficiency by the HOA's attached declaration is not fatal to its motion for Rule 56(d) relief

Plaintiffs argue that the declaration attached to the HOA's motion is not based on personal knowledge and that it is inherently inconsistent with earlier testimony and thus "the Rule 56(d) Motion could and should be denied for the document's technical deficiencies alone." (Doc. #44, p. 3.)

That is not so. The declaration need not even exist, let alone be perfect, for this Court to proceed and analyze the HOA's motion on its merits. Though a declaration or affidavit is the "preferred vehicle" for invoking Rule 56(d) relief, City of Miami Gardens, 931 F.3d at 1287, "[i]n this Circuit, a party opposing a motion for summary judgment need not file an affidavit [or declaration] pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule." Snook v. Tr. Co. of

---

[1] The attached exhibits to the HOA's Motion for Rule 56(d) relief (Doc. #43) are labeled in letter format (A,B,C, etc.). Instead of the alphabetical letters used by the HOA, the Court will cite each exhibit by the numerical number assigned to it by the Court's CM/ECF system.

Georgia Bank of Savannah, 859 F.2d 865, 871 (11th Cir. 1988).² This is so "because 'the written representation by [the opposing party's] lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances.'" Fernandez v. Bankers Nat. Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990)(alteration in original)(quoting Snook, 859 F.2d at 871). Thus, "the law of this Circuit recognizes that the interests of justice will sometimes require a district court to postpone its ruling on a motion for summary judgment even though the technical requirements of Rule 56(f) have not been met." Snook, 859 F.2d at 871. The Court will not deny the HOA's motion for 56(d) relief based on technical deficiencies. Rather, the Court will analyze it on the merits.

### B. Discovery as to Parisi's purported disability could show a genuine issue of material fact

Next, Plaintiffs argue that since all "[t]he discovery Defendant contends is needed . . . boil[s] down to Defendant's desire . . . 'to contest [Parisi's] disability,'" then "discovery would [not] show a genuine issue of fact" because "Parisi's disability is not at issue and discovery regarding it is not

---

² "Effective December 1, 2010, Rule 56(f) was reclassified as Rule 56(d) with no substantial change." Harrison v. Culliver, 746 F.3d 1288, 1295 n.10 (11th Cir. 2014). "Thus, precedent prior to 2010 citing [r]ule 56(f) is fully applicable to current [r]ule 56(d)." Burns, 999 F.3d at 1330 n.3 (quoting 10B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2740 (4th ed. 2020)).

crucial to the matters at issue in this case . . . ." (Doc. #44, pp. 12-13)(alteration in original)(quoting Doc. #43, Ex. 1 at ¶ 10.) Again, the Court disagrees.

To prevail on a reasonable accommodation claim as set forth in Count I of the SAC, "a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009). "Whether a requested accommodation is required by law is 'highly fact-specific, requiring case-by-case determination.'" Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002)(quoting Groner v. Golden Gate Gardens Apartments, 250 F.3d 1039, 1044 (6th Cir. 2001)).

It follows that relevant discovery in this case necessarily includes facts related to Parisi's purported disability because it is a necessary element. Postponing consideration of Plaintiffs' summary judgment motion is prudent because "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Snook, 859 F.2d at 871 (citing

Parrish v. Board of Comm.'rs of the Ala. State Bar, 533 F.2d 942, 948 (5th Cir. 1976)).

Discovery in this case has been contentious. First, Plaintiffs themselves filed a motion to compel. (Doc. #35.) It was ultimately denied by the assigned magistrate judge while Plaintiffs' present motion for partial summary judgment was pending. See (Doc. #38.) Still, the Plaintiffs advance the notion that the HOA "has neither diligently pursued discovery nor accurately reported the discovery events that have actually transpired." (Doc. #44, p. 17.) Plaintiffs also seem to contest whether the sought material is even discoverable. See (id., p. 10)("Unfettered scouring of a resident's medical records or conducting an 'independent medical examination' are simply not allowed.")(citation omitted). As a result of this friction, the HOA advises it is "preparing their [own] motion to compel," subject to ongoing good faith dialogue. (Doc. #43, p. 6.)

The Court does not today resolve whether the materials sought are indeed discoverable. Such discovery disputes are best suited for addressal in motions to compel, not here. Instead, this Order simply acknowledges the requested materials pertain to an essential element of Plaintiffs' claim, and as such, the HOA "should be allowed the *opportunity* to utilize the discovery process" to gain access to them—if they are indeed entitled to them. Snook, 859 F.2d at 871 (emphasis added)(citing Parrish v.

Board of Comm.'rs of the Ala. State Bar, 533 F.2d 942, 948 (5th Cir. 1976)); see also Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996)("This court has held that it is error for a district court to decide a summary judgment motion before ruling on an outstanding motion to compel.").

Accordingly, it is now

**ORDERED**:

1. Defendant Sabal Springs Homeowners Association, Inc.'s Motion for Rule 56(d) relief (Doc. #43) is **GRANTED.**
2. Plaintiffs' Motion for Partial Summary Judgment (Doc. #37) is **DENIED** without prejudice.
3. The Case Management and Scheduling Order (Doc. #20), including its dispositive motions deadline, remains in effect.

**DONE and ORDERED** at Fort Myers, Florida, this   16th   day of June, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

8