UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH PARISI and TERRY CLARK,

    Plaintiffs,

v.                                                               Case No.:  2:22-cv-504-JES-KCD

SABAL SPRINGS HOMEOWNERS ASSOCIATION INC.,

    Defendant.
_____/

## ORDER

    Before the Court is Plaintiffs Joseph Parisi and Terry Clark's Second Motion to Compel. (Doc. 46.)[1] Defendant Sabal Springs Homeowners Association, Inc. responded (Doc. 47), making this matter ripe. For the reasons below, Plaintiffs' motion is granted in part and denied in part.

## I. Background

    This lawsuit arises under the Fair Housing Act (FHA). Plaintiffs claim Defendant violated the FHA by refusing to accommodate their service animals. (*See* Doc. 14.)

    Plaintiffs served discovery on June 21, 2023. (Doc. 46 at 3.) Defendant did not respond by the deadline. Nor did it answer Plaintiffs' conferral efforts.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

(*Id.*) The pending motion to compel then followed. Plaintiffs seek an order "directing [Defendant] to forthwith provide substantive and complete [r]esponses without objection to the subject discovery requests, and awarding reasonable expenses including attorney's fees." (*Id.*)

Defendant does not dispute it failed to answer Plaintiffs' discovery when due. But it says the documents have now been provided: "there is quite literally not a single document or email that can be compelled by this court that has not already been turned over to Plaintiffs' counsel." (Doc. 47 at 2.) Since Plaintiffs now have the discovery, Defendant argues the motion to compel is moot. (*Id.*) As for expenses and fees, Defendant claims they are unnecessary "as no Order by this Court was necessary to induce [the discovery] responses." (*Id.*)

## II. Discussion

Given Defendant's representation that it has responded to the pending discovery, the Court will deny Plaintiffs' motion as much as it seeks an order compelling compliance. *See, e.g.*, *Trahan v. Sandoz, Inc.*, No. 3:13-CV-350-J-34MCR, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015) (denying as moot motion to compel where updated discovery responses were served and the movant had "not requested a reply or made any request to address [the] amended responses").

But that does not end the matter. As mentioned, Plaintiffs also ask for "reasonable expenses[,] including attorney's fees." (Doc. 46 at 5.)[2] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing and mandatory. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt 37(a)(5) applies here. Defendant admittedly updated its discovery answers following the motion to compel. (Doc. 47 at 1.) Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other

---

[2] Although not entirely clear, Plaintiffs also seem to request fees incurred for a prior motion to compel. (*See* Doc. 46 at 5.) But the Court has already spoken on this issue and found such relief inappropriate. (Doc. 38.) Plaintiffs have presented nothing to warrant revisiting that decision.

3

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

The only argument Defendant offers against awarding expenses is that "no Order by this Court was necessary to induce the [discovery] responses." (Doc. 47 at 2.) But Rule 37(a)(5) does not require a court order to trigger. The text could not be clearer: the court must award expenses if the "requested discovery is provided after the motion was filed." That is precisely what occurred here. *See, e.g.*, *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

Rule 37 offers three grounds to avoid a sanctions award. Defendant's argument fails to carry the burden under any of them. The law thus compels an expense award in this case. *See KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, is it now **ORDERED**:

1. Plaintiffs' request for an order compelling Defendant to provide discovery responses is **DENIED AS MOOT**;

2. Plaintiffs' request under Rule 37 to recover reasonable expenses incurred in moving to compel is **GRANTED**;

3. Within 14-days of this order, the parties must meet and confer about the amount of attorney's fees and expenses sought by Plaintiffs;

4. If the parties cannot reach an agreement, Plaintiffs must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses.

**ENTERED** in Fort Myers, Florida on August 11, 2023.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record